## Josiah S. Koch *v.* Henry Kuhns, Appellant.

*Building contract—Submission to architect—Rule of mason's workmanship—Evidence.*

A building contract provided that all the mason work shall be measured by the architect according to rule of mason's workmanship. *Held,* in a controversy as to the amount due the mason, that the contract properly interpreted imposed upon the architect the duty to observe the rule of mason's workmanship in his measurement, and offers of evidence tending to show that the measurements certified by the architect had failed to apply

the rule, are admissible. In order to oust the jurisdiction of the courts it must clearly appear that the subject-matter of the controversy is within the prospective submission. The right of trial by jury is not to be taken away by implication.

Argued Nov. 9, 1897. Appeal, No. 18, Oct. T., 1897, by defendant, from judgment of C. P. Berks Co., Dec. T., 1894, No. 72, on verdict for plaintiff. Before Rice, P. J., Wickham, Beaver, Orlady, Smith and Porter, JJ. Reversed.

Assumpsit to recover over payment to the stone mason under a building contract. Before Endlich, J.

It appears from the record and evidence that this is an action brought by the contractor to recover from the defendant, a stone mason and subcontractor, an overpayment for stone masonry required in the erection of the said building. The contract provided for the payment of a certain sum per perch for each and every perch so laid, as measured by the architect, and also provided that all work be measured according to the rules of mason's workmanship. The question turned on the correctness of the architect's measurements.

During the course of the trial the following offers of testimony were made, with objections by plaintiff. [Charles F. Smith sworn: Mr. Stevens : Counsel for defendant further offers to prove by the witness on the stand that he made actual measurements of the mason work done by Mr. Henry Kuhns at the Memorial Church and compared them with the measurements made by the architect Lonsdale and that he finds that the architect failed to apply the mason's rule of measurement and in many instances calculated the actual cubic contents of the mason work done, whereby the claim of the plaintiff would be decreased, and with the bills for extras admitted would be entirely wiped out; these measurements were made the same time, November 16, 1895.] [4]

[Mr. Stevens : Counsel for the defendant renew the same offer and add to it: the testimony showing that there was no change in the character of the work, and the witness was able accurately to measure the mason work as done by Kuhns ; the defendant offers to show by the witness on the stand that he made actual measurements on the ground of the mason work that was exposed to view and took the measurements and cal-

culations made by the architect of those parts which were concealed, and he finds by comparison that the architect failed to apply the mason's rule of measurement, but took the cubic contents of the walls, whereby the defendant failed to receive credit for a large amount of work done, equal to the amount of plaintiff's claim.] [5]

[Adam H. Leader sworn: By Mr. Stevens: "Q. You are a civil engineer?  A. Yes, sir.  Q. How many years' experience?  A. About 10.  Q. You are accustomed to measuring buildings?  A. Yes, sir.  Q. You made a measurement of the Memorial Church of the stone work done by Henry Kuhns.  A. Yes, sir.  Q. From the work actually done and by an actual measurement of the masonry and examination of the plans?  A. Measured the masonry by lengths of walls, and assumed the heights taken by the architect, which we couldn't get, and make up our calculation."

Mr. Stevens: We offer to show by the witness that from an actual measurement of the mason work in the Methodist Church, made on November 16, 1895, by the rule of mason's measurement, he found 1232 perches in the foundations, 1580½ perches in the superstructure, not including the cloister and the tower, and 590 perches in the cloister and tower.] [6]

The court, ENDLICH, J., charged in part as follows:

[Now, gentlemen, you understand in building contracts of this kind where the parties agree to refer the matter of measurements and computations to a certain person, that person's measurements and computations are binding upon both parties, except where the measurements themselves indicate on the face of them palpable miscalculations—faulty arithmetic. So you start out with this proposition in the present case, that in so far as the rights of the parties are to be measured by their agreement (and they are to be measured by the agreement unless you find for the defendant upon one of the questions which has been raised in this case, and that I will discuss to you later) the measurements of the work done as made by the architect are binding upon both parties and so are his calculations, except in those instances where a palpable mistake has been shown by the evidence.   There have been certain mistakes shown by the evidence, which, as I understand, are conceded

by the plaintiff, and those mistakes in the claim which he now makes against the defendant have been corrected.] [1]

Verdict and judgment for plaintiff for $854.39. Defendant appealed.

*Errors assigned*, inter alia, were, (1) To portion of the judge's charge, reciting same. (4–6) Rejection of certain offers of evidence made by the defendant, reciting same.

*Wm. Kerper Stevens*, of *Stevens & Stevens*, for appellant.— The contract between the parties not having made the measurements of the architect conclusive, the defendant has a right to prove that the measurements were inaccurate: Trust Co. v. Railway Co., 70 Fed. Rep. 282; Railroad Co. v. Wilcox, 48 Pa. 161.

The contract between the parties required all work to be measured according to the rule of mason's measurement, and the architect had not the power to adopt a different rule: Mc-Collough v. Ashbridge, 155 Pa. 166.

The question raised by these assignments of error has been very recently considered by this court in the case of Fisher v. South Williamsport, 1 Pa. Superior Ct. 386; Drhew v. Altoona, 121 Pa. 401; Railroad Co. v. Dilley, 25 Am. & Eng. R. R. Cases, 265; Morse on Arbitration, 38, cited and approved in Railroad Company v. Mills, 22 S. E. Rep. 556.

*Philip. S. Zieber*, with him *Baer & Snyder*, for appellee:— The provision in the contract that the work was to be done to the satisfaction of the architect, and payments to be made for it as measured by said architect at such times and in such amounts as said architect shall certify to be rightly due, rendered the architect's measurements conclusive upon the parties: Kennedy v. Poor, 151 Pa. 472.

The agreement of Mr. Koch, therefore, was to pay only for the work done as measured by the architect. The case differs in that respect from Railroad Co. v. Wilcox, 48 Pa. 161, and Trust Company v. Railway Company, 70 Fed. Rep. 282, cited in appellant's argument: Kihlberg v. U. S., 97 U. S. 400.

Our contention is also supported by the case of McCauley v. Keller, 130 Pa. 53.

OPINION BY PORTER, J., December 13, 1897:

The contract between the parties in this cause was in writing and required the defendant "to do all the stone masonry required for the new Methodist Episcopal Church and Sunday School buildings, to be erected on North Fifth street" in the city of Reading. After setting forth the rate per perch, the contract provides, "all the work to be measured according to rule of mason's workmanship.

"All to be done in the best, most substantial and workmanlike manner to the satisfaction of Thomas P. Lonsdale, the supervising architect, as described and set forth in the plans and specifications as furnished by said architect." The plaintiff was required by the contract to pay the defendant "the before named sums per perch for each and every perch so laid as measured by said architect, at such times and in such amounts as the said architect shall certify to be rightly due said party of the first part upon his application and statement of work done."

As the work progressed, payments were made to the mason without the architect's certificate, upon an account kept by the defendant based upon measurements made when the work was in progress. The architect seems to have made no measurements until the work was practically completed, and then issued a certificate for the whole of the work done. When the certificate was issued the plaintiff had already paid the defendant in full for mason work the sum of $6,357.07. The architect's measurements and calculations showed that the plaintiff had overpaid the defendant the sum of $905.88. For this the plaintiff sued.

The difference between the measurement of the architect and that of the defendant is claimed to be, at least in part, due to the difference in the method of measuring the work done.

The learned trial judge of the court below seems, in this connection, to have fallen into error. Under the terms of the contract the architect may have been the arbiter as to the character and quality of the work done, but his measurements were to be made according to a certain rule. Nowhere in the contract is found a specific stipulation that the architect is to have the power to determine the measurement arbitrarily.

"In order to oust the jurisdiction of the courts it must clearly

appear that the subject-matter of the controversy was within the prospective submission. The right of trial by jury is not to be taken away by implication:" Drhew v. Altoona, 121 Pa. 401, 420.

The court below was apparently of opinion that the architect's measurements were binding unless shown to have been based on palpable mistake or fraud; whereas, where the contract contemplated a measurement by a particular rule, he should have shown his knowledge of the rule and his application of it to the particular case. His testimony is not satisfactory on this point, and indicates his own opinion to have been that the rule was subject to his power to vary it in the particular case. True, he says that he measured by what he knew to be the mason's rule, and says that he measured the whole surface of the wall and gave it to the mason, but his cross-examination runs in part as follows: " Q. There are a number of openings there, now you included them all. Under the mason's rule of measurement those openings are included? A. Not by my mason's rule as I understand it, no sir. Q. There is a general rule adopted in the measuring of mason's work, is there not? A. No sir. Q. There is not? A. No sir. Q. The contract calls for the mason's rule of measurement? A. Yes sir, but measured by me. Q. That is a uniform rule of measurement, is it not? A. No sir. Q. Did you adopt a different mason's rule? A. I had to do it. I was the arbiter and had to do it in my way. I couldn't do it in any other party's way or I would have had to learn their method. The contract required me to do it." And again he says: " Q. But now the mason's rule of measurement in a general way is uniform in all parts of the state as to the work measured? A. No sir, I couldn't say that." And again: " Q. Now you have also said and given us an illustration that the mason's rule of measurement may differ in different localities? A. No sir, you asked me if I was to do it in a specific way and I said I was, and the mason's measurement set out for me to do is my way. I was fixed in the contract to do the work in a specific way, otherwise I had to learn some other way of measuring. I only know my rule of mason's measurement." And again: " Q. Did you at any time make any effort to apply the rules of mason's measurement? A. I just explained I did the work by what I understood to be the rules of mason's measurement."

From this it will be seen that there was doubt cast on the proposition that the measurements had in fact been made according to the rule of mason's measurement as required by the contract. Under these circumstances, the offers of the defendant to prove by competent witnesses that the measurements certified by the architect were not in accordance with the rule aforesaid, and that the architect had failed to apply the rule, ought to have been admitted.

. The fact that the offer of proof was on the basis of measurements made a considerable time after the construction was completed, does not furnish a ground to reject the evidence. From the evidence it appeared that the mason work in large part was still visible and that the architect's own figures were accepted as to the parts of the masonry not visible.

We think the offers of proof set forth in the 4th, 5th and 6th assignments of error should not have been rejected, and these assignments are therefore sustained.

The first assignment is also sustained, as the part of the charge complained of is in conflict with the views herein expressed. The remaining assignments are not sustained.

The judgment is reversed and a venire facias de novo awarded.